## BLOOM, ROSENBLUM & KLEIN CO v HAUGHT'S NEXT FRIEND

Ohio Appeals, 7th Dist, Mahoning Co

. Decided Sept 30, 1932

Barnum, Hammond, Stephens & Hoyt, Youngstown, for plaintiff in error.

Fred Heim, Youngstown, for defendant in error.

FARR, J.

Now, what was the right of the truck and its owner under the circumstances upon this highway? These rights are defined by statute. §6310-27 GC reads as follows:

"That no vehicle shall stop on any road or highway, except with the front and rear right wheels within one foot of the right hand side of the improved portion of the road, nor in any such way as to obstruct a free passage of the road, provided that nothing in this section shall be held to apply whenever a driver of a vehicle is compelled or permitted to stop by reason of other lawful regulations or emergencies."

This was a truck heavily laden with produce. It was a single tire truck, so Wortman says. Perhaps it was a tire having an inner tube. Wortman says that when the tire blew up, that he drew to the right hand side of the road just as far as he could. This left four feet of the truck standing upon the improved roadway. Under the testimony disclosed by this record scarcely can it be denied that Wortman was confronted by an emergency. Did he act reasonably under the circumstances confronting him? A heavily laden truck, a single tire, his withdrawal to the right hand side of the road, as far as he could reasonably go, it would seem that Wortman under all the circumstances of the case did all that he could do to escape traffic and to avoid injury to others in any way. But what did George B. Haught do? He said that he saw the truck at a distance of thirty or forty feet; that he had room to stop his Chrysler car, but that he figured that he could safely pass on the left hand side, but just as he attempted to do so, east-bound traffic interfered and he collided with the truck. There is no escape from the conclusion that Haught was negligent in attempting to pass as he did. Taking his own statement, which is clear, "Yes, I did, but I figured I could get around. There wasn't room there to get around the truck on account of the traffic." His judgment upon the trial of this cause was that there wasn't room to get about or around the traffic but he made the attempt and therefore was negligent, but that would not necessarily deny the son who was a passenger in the car, especially in the absence of joint enterprise, the negligence of the father would not deny him the right to recover if the truck of the Bloom, Rosenblum & Klein Company was negligently parked by its driver at the time. Sufficient reference has been made to that situation. The explosion of the tire under a heavily laden truck, a single tire, with Wortman, the driver, driving as far to the right as he could, and no witness says that the truck was farther on the traveled roadway than four feet. It was a sixteen foot roadway, leaving a clearance of twelve feet. It certainly can not be successfully maintained that the company, by its driver, was negligent under the circumstances, and if not negligent in the position which the truck occupied, and by placing it in that position, then there was no negligence upon the part of the company and the minor son could not therefore recover regardless of the negligence of the father, who was the driver. Therefore, the conclusion must be that the verdict of the jury is against the manifest weight of the evidence.

Complaint was made of the following request, number four, which was refused to be given in charge to the jury by the trial court before argument:

"I say to you, members of the jury, that it is permissible for vehicles to make stops upon main traveled thoroughfares in cases of emergency, and if you find that defendant's truck was so stopped because of an emergency, as near to the right hand edge of the road as practicable, and if you further find that defendant's truck was properly lighted from the front and rear, then I say to you, members of the jury, as a matter of law, that your verdict must be for the defendant, the Bloom-Rosenblum-Klein Company."

It will be observed that this instruction substantially follows §6310-37 GC, and that the trial court should have given the same in charge to the jury.

The last assignment for error is that the trial court refused to grant a new trial. It is not necessary to discuss this assignment for error. It is sufficient to say, in view of that which has already been said, that there was error in the refusal.

It follows, therefore, that the judgment must be reversed and the cause remanded.

ROBERTS and POLLOCK, JJ, concur in the judgment.